## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**ERNEST ARAGON**,

    Plaintiff,

    v.                                               **CIV NO. 00-886 DJS/WWD**

**CITY OF ALBUQUERQUE**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court on Defendant's Motion for Summary Judgment filed January 25, 2001 (Docket No. 50). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment.

**FACTUAL BACKGROUND**

The instant action is a civil action brought pursuant to the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA) which includes pendant state tort claims for breach of the covenant of good faith and fair dealing and breach of contract. Plaintiff, who is employed as a police officer for the City of Albuquerque Aviation Department, asserts that Defendant discriminated against him based upon his age and his hearing impairment. Plaintiff had previously entered into an agreement with Defendant by which he committed to use a hearing aid during the performance of his job duties and Defendant agreed not to harass him regarding that hearing aid. Plaintiff contends that Defendant breached that agreement and that it harassed him and

discriminated against him. Plaintiff further contends that he was denied job advancement and subject to derogatory comments regarding his age and his hearing impairment.

By the instant motion, Defendant seeks judgment in its favor on all of Plaintiff's claims.

**STANDARD OF LAW**

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S. H. Kress & Co., 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56( e); Matsushita Elec., 475 U. S. at 596-87. In other words, a party opposing summary judgment "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir.1996).

**AGE DISCRIMINATION IN EMPLOYMENT ACT**

Plaintiff asserts in his complaint that he was one of two finalists for a sergeant position, but that the application process was reopened and a younger person who did not initially meet the qualifications for the position was chosen. Plaintiff also asserts that he was harassed by negative comments made about him because of his age.

Under the ADEA, it is "unlawful for an employer ... to fail or refuse to hire or to discharge

any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." §29 U.S.C. 623(a)(1). " When a plaintiff alleges disparate treatment, liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision. That is, the plaintiff's age must have actually played a role in the employer's decision-making process and had a determinative influence on the outcome." Reeves v. Sanderson Plumbing, Inc., 530 U.S. 133, 140 (2000) (internal quotes and citations omitted).

The Supreme Court has established an allocation of the burden of production and an order for the presentation of proof in discriminatory-treatment cases. Reeves, 530 U.S. at 140 (applying test from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). First, Plaintiff must establish a *prima facie* case of discrimination. Id. (citing St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-253 (1981)). The burden thereafter shifts to the Defendant to "produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." Id. This burden is one of production, not persuasion; it "can involve no credibility assessment." Id. Once Defendant meets that burden, "the McDonnell Douglas framework--with its presumptions and burdens"--disappears, St. Mary's Honor Center, 509 U.S. at 510, and the sole remaining issue is "discrimination *vel non*,". Reeves, 530 U.S. at 142-43.

Although intermediate evidentiary burdens shift back and forth under this framework, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Id. (quoting Burdine, 450 U.S., at 253). Plaintiff may attempt to establish that he was the victim of intentional discrimination by showing that the

Defendant's proffered explanation for failing to promote him is unworthy of credence. Reeves, 530 U.S. at 143. However, the presumption of discrimination "drops out of the picture" once the defendant meets its burden of production. Id. (quoting St. Mary's Honor Center, 509 U.S. at 511). Nonetheless, the trier of fact may still consider the evidence establishing the plaintiff's *prima facie* case "and inferences properly drawn therefrom ... on the issue of whether the defendant's explanation is pretextual," Id. (quoting Burdine, 450 U.S. at 255, n. 10). Thus, a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. Reeves, 530 U.S. at 148.

In this case, Plaintiff's allegation in his complaint is that he was not promoted because of his age and as part of a wilful plan by Defendant not to promote or advance older employees or to pressure them to resign or relocate. Complaint, ¶28. In addition, Plaintiff alleged that he was fifty-two years old at the time the complaint was filed, Complaint, ¶2, and that the successful applicant for the sergeant's position initially failed to qualify for the position and was under the age of forty-eight. Complaint, ¶16. Plaintiff refines that allegation in his response to the motion for summary judgment to state that the successful applicant was thirty-two years old. Response to Motion for Summary Judgment, Ex. 16.

In support of its motion for summary judgment, Defendant asserts that the decision not to promote Plaintiff was based upon the fact that he ranked last of the five people interviewed for the position based upon his review scores. In support of that contention, Defendant refers to the deposition of Deputy Chief Robert Szmania, who testified that the selection panel, which he was a part of, did not discuss Plaintiff's age in the hiring process. Motion for Summary Judgment, Exhibit

M. Rather, Plaintiff was turned down for the position based upon his poor interview scores. Id.

In order to create a triable issue of fact, it is incumbent upon Plaintiff to produce evidence that Defendant's non-discriminatory reason for denying his promotion is a pretext. While evidence sufficient to raise an issue of fact as to whether a defendant's proffered explanation is pretextual may take a variety of forms, the Tenth Circuit Court of Appeals has noted that plaintiffs typically demonstrate pretext in one of three ways: (1) with evidence that the defendant's stated reason for the adverse employment action was false; (2) with evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances; or (3) with evidence that the defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting the plaintiff. Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1230 (10th Cir.2000) (citations and footnote omitted).

In an attempt to meet his burden, Plaintiff follows none of the courses listed above. Rather, he refers to the affidavit of Sergeant Johnny Baca, who avers that he heard Chief Alvin Burke state that Plaintiff would not be considered for the position and that Plaintiff was wasting his time. Response to Motion for Summary Judgment, Ex. 2. In addition, Plaintiff argues that he has demonstrated pretext by showing that a discriminatory reason more likely motivated Defendant than the proffered basis of the decision. Plaintiff relies upon his other assertions of discrimination: that he was called old by a supervisor, Sergeant Duane Hoppe; that he was denied favorable shift assignments; that he was denied an award for Officer of the Quarter for which he was nominated; and that he was denied the legitimate use of vacation time, which cost him a day off with pay. However, none of these allegations show that the scoring of Plaintiff's promotion interview was a pretext to discriminate against him based upon his age. The comment attributed to Chief Burke is

the only allegation which goes to the denial of Plaintiff's promotion. Taking that comment as true and ignoring the question of admissibility, it conspicuously lacks crucial attribution of the reason that Plaintiff was "wasting his time" ins seeking the promotion. The statement supports Defendant's basis for denying Plaintiff the promotion due to a bad interview score as easily as it supports Plaintiff's supposition that it reflects a comment on his age.

The alleged statements by Sergeant Hoppe also fail to rebut Defendant's non-discriminatory reason for not promoting Plaintiff. While in some instances evidence of discriminatory comments may be relevant to the issue of pretext, see Shorter v. ICG Holdings, Inc., 188 F.3d 1204, 1209-10 (10th Cir.1999), to be significant evidence of pretext the objectionable conduct or remarks should be attributable to an individual responsible for the employment decision. See Kendrick v. Penske Trans. Serv., Inc., 220 F.3d 1220, 1231 (10th Cir.2000) (remarking that, where manager was not "simply a rubber stamp or conduit for an employment decision made in reality by underlings, he was not responsible for an underling's allegedly discriminatory actions"); see also Reeves, 530 U.S. at 151 (evaluating age-based comments made by the individual "principally responsible" for plaintiff's firing). Sergeant Hoppe was not a member of the promotion board which Plaintiff appeared before and did not take part in the selection process.

Plaintiff's other allegations of discriminatory treatment fail to show that he has suffered an adverse employment action on account of his age. As discussed, he has failed to rebut Defendant's non-discriminatory reason for denying him a promotion to sergeant. The other actions which he asserts constitute age-based discrimination fail to rise to that level. A mere inconvenience or alteration of job responsibilities does not constitute and "adverse employment action" within the meaning of the ADEA. Sanchez v. Denver Public Schools, 164 F.3d 527, 532 (10th Cir. 1998). The

Supreme Court has explained that a "tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998). Plaintiff's allegations regarding less-desirable job assignments, denial of a single sick day requiring the use of vacation time, and denial of an award based upon the nomination of fellow employees do not constitute adverse employment actions. Further, the only indication of any action taken against Plaintiff are comments about his age and physical condition attributed to Sergeant Hoppe, none of which were made in Plaintiff's presence. The only actions linked to Sergeant Hoppe by Plaintiff are less favorable job assignments and the requirement that he use one day of vacation, neither of which rise to the level of adverse employment actions. Defendant has presented uncontroverted testimony by Deputy Chief Szmania that the failure to give Plaintiff the officer of the quarter award stemmed from a bureaucratic oversight. Motion for Summary Judgment, Exhibit M. Because he has not shown that he suffered an adverse employment action on account of his age, Plaintiff's ADEA claim will be dismissed.

**AMERICANS WITH DISABILITIES ACT**

Plaintiff asserts that he has been discriminated against in his job due to his hearing loss. Defendant disputes, among other things, whether Plaintiff is a disabled person within the meaning of the Americans With Disabilities Act (ADA). The ADA prohibits employers from discriminating against individuals on the basis of a disability. 42 U.S.C. §12112(a). To prevail on an ADA discrimination claim, Plaintiff must establish that: (1) he is a disabled person as defined by the Act; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job held; and (3) Defendant discriminated against him because of his disability. Doyal v.

7

Oklahoma Heart, Inc., 213 F.3d 492, 495 (10th Cir. 2000)(citing Taylor v. Pepsi-Cola Co., 196 F.3d 1106, 1109 (10th Cir.1999)). The ADA defines a disability as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. Id. (citing 42 U.S.C. §12102(2)).

Plaintiff asserts that he is a qualified individual with a disability. Complaint, ¶35. Although he does not make the allegation in his complaint, in his response to the motion for summary judgment Plaintiff also argues that he is regarded by Defendant as being disabled. Response to Motion for Summary Judgment, p. 29. The determination of whether Plaintiff actually has a physical impairment which substantially limits a major life activity proceeds in three steps. Doyal, 213 F.3d at 495 (quoting Bragdon v. Abbott, 524 U.S. 624, 631 (1998)). First, the Court must determine whether Plaintiff has an impairment. Id. Second, the Court must identify the life activity upon which Plaintiff relies and determine whether it constitutes a major life activity under the ADA. Id. Third, the Court asks whether the impairment substantially limited the major life activity. Id.

Defendant does not dispute that Plaintiff has a hearing impairment, thus the first step of the analysis laid out in Doyle, *supra* is met. Plaintiff does not identify a major life activity which is limited by his hearing impairment and thereby fails to establish his *prima facie* case under the ADA. However, the "term major life activity" has been construed to mean a "basic activity that the average person in the general population can perform with little or no difficulty." Doyal, 213 F.3d at 495-96 (citing Pack v. Kmart Corp., 166 F.3d 1300, 1305 (10th Cir.1999)). Major life activities include such functions as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, sleeping, sitting, standing, lifting, reaching, and working. Id. (emphasis added)

(citing Poindexter v. Atchison, Topeka & Santa Fe Ry. Co., 168 F.3d 1228, 1231-32 (10th Cir.1999)).

Given that hearing is a major life activity and Plaintiff's impairment affects that function, the next question is whether Plaintiff is limited in that activity. While the undisputed fact of a hearing impairment would seem to beg that question, Plaintiff has presented substantial evidence that he is not limited in his ability to hear. The Tenth Circuit Court of Appeals recognizes the Supreme Court's high threshold to establish "disability" for purposes of the ADA. Thalos v. Dillon Companies, Inc., 86 F.Supp.2d 1079, 1084 (D.Co. 2000) (Citing Sorensen v. University of Utah Hospital, 194 F.3d 1084 (10th Cir.1999). "The Tenth Circuit holds that '[f]or an impairment to substantially limit a major life activity, the individual must be unable to perform, or be significantly limited in the ability to perform, an activity compared to an average person in the general population.'" Id. Plaintiff presented the deposition testimony of Judy Gonzales, a communications shift supervisor, Sergeant Johnny Baca, Sergeant Emilio Rivera, Nadine Hamby, another Aviation Police Officer, and Wes Ivie, another of Plaintiff's coworkers, that they have not ever observed him having any more difficulty hearing than any of the other officers. Response to Motion for Summary Judgment, Exhibits 11, 2, 6, 10, and 3. On the other hand, Sergeant Duane Hoppe contradicted that testimony and asserts that not only had Judy Gonzales complained about Plaintiff not answering his radio, but that he heard the complaint from other officers. Response to Motion for Summary Judgment, Exhibit 17. Regardless of this dispute over whether Plaintiff is actually limited in his ability to hear, the Court must consider the effects of corrective or mitigating measures on Plaintiff's hearing impairment. Sutton v. United Airlines, Inc., 527 U.S. 471, 487 (1999). It is undisputed that Plaintiff is required to wear hearing aids while on duty. Further, he has not alleged, much less proven, that

he is limited in his ability to hear once he has undertaken that corrective measure. Consequently, Plaintiff has failed to establish that he is substantially limited in his ability to hear and thereby fails to show that he is a qualified individual with a disability.

As previously noted, in his response to the motion for summary judgment Plaintiff also asserts that he is regarded by Defendant as having an impairment which substantially limits a major life activity and is thus entitled to recover under the ADA. Plaintiff contends that proof of Defendant's perception that he is regarded as having such an impairment is found in the fact that he does not meet Defendant's guidelines for employment as an aviation police officer without a hearing aid in his left ear and that he is required to wear a hearing aid while on duty. In addition, Plaintiff refers to the deposition of Deputy Chief Robert Szmania in which Szmania states that Plaintiff's failure to wear his hearing aids could be a liability issue. Response to Motion for Summary Judgment, Ex. 4.

A person is regarded as having a disability by their employer if "(1) a covered entity mistakenly believes that the person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that the person's actual nonlimiting impairment substantially limits one or more major life activities." Doyle, 213 F.3d at 499 (quoting Sorensen, 194 F.3d at 1088). "In both cases, it is necessary that [the employer] entertain misperceptions about the individual-it must believe either that [the individual] has a substantially limiting impairment that [the individual] does not have or that [the individual] has a substantially limiting impairment when, in fact, the impairment is not so limiting." Id. (quoting Sutton, 527 U.S. at 489). In this case, Plaintiff has failed to show that Defendant entertains misperceptions about his hearing impairment. Defendant requires that he wear hearing aids while on duty. The recognition of

his reduced hearing without a mechanical aid does not constitute a belief that Plaintiff is limited in his ability to perform his job. Cf. Lusk v. Ryder Integrated Logistics, 238 F.3d 1237, 1241-42 (10th Cir. 2001) (Where a recognition of limitations is not an erroneous perception, but is instead a recognition of a fact, a finding that the plaintiff was regarded as disabled is inappropriate); Doyle, 213 F.3d at 499 (Perception by management that the plaintiff was unmotivated, forgetful, and irremediably unhappy in her job does not support conclusion that she was regarded as substantially limited in a major life activity). Plaintiff has failed to show that he is able to hear without his hearing aid or that he is still impaired in the ability to hear with the aid in place. Because he has not shown a misperception by Defendant regarding his hearing loss, Plaintiff has failed to show that he is regarding as having a disability under the ADA. Defendant considers Plaintiff able to perform his job so long as he wear a hearing aid.

Because Plaintiff has failed to show that he is substantially limited in the major life function of hearing or that Defendant entertains a misperception about such a substantially limiting impairment, he has not met his burden of establishing that he is a qualified individual with a disability under the ADA. Consequently, his claim for relief under the Act must be dismissed.

**STATE TORT CLAIMS**

Plaintiff asserts claims for breach of contract and breach of the covenant of good faith and fair dealing. Generally, when federal claims are eliminated from a complaint, the federal court should decline the exercise of jurisdiction by dismissing the complaint without prejudice. United Mine Workers v. Gibbs, 383 U. S. 715, 726-727 (1966). Plaintiff's federal claims will be dismissed. Consequently, Plaintiff's pendant state claims alleging breach of contract and breach of the covenant of good faith and fair dealing will also be dismissed, but that dismissal will be entered without

prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is granted in part. Counts II and III of the Complaint alleging violations of the Age Discrimination in Employment Act and the Americans With Disabilities Act are dismissed with prejudice. Plaintiff's remaining claims, asserted as Counts I and IV of the Complaint and alleging Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing, are dismissed without prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**